IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Green, Esquire, | ) | Civil Action No. 02CV4590 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Zurich American Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

AND NOW comes Defendant Zurich American Insurance Company ("Zurich"), by and through its undersigned counsel of record, and files the following Answer and Affirmative Defenses to the above-captioned Complaint. In support of thereof, Defendant states the following:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1, and thus strict proof thereof is demanded. To the extent a response is deemed necessary, the averments are denied.

2. The averments in paragraph 2 are admitted in part and denied in part. It is admitted that Zurich maintains a place of business at 1818 Market Street, Suite 2510, Philadelphia, Pennsylvania. The remainder of the averments in paragraph 2 is denied.

3. The averments in paragraph 3 are denied as stated. It is admitted that Plaintiff purports to bring a claim under the Age Discrimination in Employment Act. It is admitted that this Court has jurisdiction over Plaintiff's alleged claim. The remainder of the averments in paragraph 3 is denied.

4. The averments in paragraph 4 are admitted in part and denied in part. It is admitted that more than 60 days have elapsed since Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission. The remainder of the averments in paragraph 4 constitutes conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

5. The averments in paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

6. The averments in paragraph 6 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

7. The averments in paragraph 7 are admitted in part and denied in part. It is admitted that Plaintiff was hired on or about December 1993. It is further admitted that Plaintiff remained employed by Zurich until on or about December 7, 2001 when his employment was terminated. The remainder of the averments in paragraph 7 is denied.

8. The averments in paragraph 8 are admitted in part and denied in part. It is admitted that Plaintiff held the position of Trial Attorney and that he received fringe benefits. It is denied that his salary was $140,000.00 per year.

9. The averments in paragraph 9 are denied.

10. The averments in paragraph 10 are denied.

11. The averments in paragraph 11 are denied.

12. The averments in paragraph 12 are denied as stated. It is admitted that Plaintiff was given written warnings about his job performance on or about October 22, 2001 and November 7, 2001. The remainder of the averments in paragraph 12 is denied.

13. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff believes, thus strict proof thereof is demanded. To the extent a response is deemed necessary, the averments in paragraph 13 are denied.

14. The averments in paragraph 14 are admitted in part and denied in part. It is admitted that Plaintiff was terminated on or about December 7, 2001. The remainder of the averments in paragraph 14 is denied.

15. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff believes, thus strict proof thereof is demanded. To the extent a response is deemed necessary, the averments in paragraph 15 are denied.

16. Defendant incorporates by reference its answers to paragraphs 1 through 15 above as if set forth fully herein.

17. The averments in paragraph 17 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

18. The averments in paragraph 18 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

19. The averments in paragraph 19 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

20. Defendant incorporates by reference its answers to paragraphs 1 through 19 above as if set forth fully herein.

21. The averments in paragraph 21 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

22. The averments in paragraph 22 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

23. The averments in paragraph 31 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied.

24. Defendant incorporates by reference its response to paragraphs 1 through 23 above as if set forth fully herein. The remainder of paragraph 24 is a wherefore clause to which no response is required. To the extent a response is deemed necessary, the averments are denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted as to his claim under the ADEA.

2. Plaintiff fails to state a claim upon which relief can be granted as to this claim for intentional infliction of emotional distress.

3. Plaintiff failed to aver that this Court has jurisdiction over his claim for intentional infliction of emotional distress.

4. Plaintiff is not entitled to punitive damages under the ADEA.

5. Plaintiff cannot obtain both reinstatement and front pay under the ADEA.

6. Plaintiff has failed to mitigate his damages.

7. Defendant at all times acted in good faith and in accordance with applicable laws.

8. Plaintiff failed to exhaust his administrative remedies as to some or all of his claims.

WHEREFORE, Zurich respectfully requests that this Court enter judgment in its favor and against Plaintiff.

    Respectfully submitted,

_____

William J. Leahy
Pa I.D. No. 80340
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
(267) 402-3012
(267) 402-3131-Fax


Of Counsel:

Mark T. Phillis
Pa I.D. No. 66117
LITTLER MENDELSON
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
(412) 201-7600 (telephone)

Attorneys for Defendant Zurich American Insurance Company

Dated:  September 10, 2002

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Answer and Affirmative Defenses** was served upon the following by regular United States first class mail, postage prepaid, this 10th day of September, 2002.

> Sidney L. Gold, Esquire
> Lovitz & Gold, P.C.
> 1835 Market Street, Suite 515
> Eleven Penn Center Building
> Philadelphia, PA  19103

_____
William J. Leahy