# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GREEN, ESQUIRE, | : | CIVIL ACTION NO.: 02-cv-4590 |
| *Plaintiff*, | : | |
| vs. | : | |
| ZURICH AMERICAN INSURANCE COMPANY, | : | |
| *Defendant*. | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, by undersigned counsel requests that the jury be instructed as follows.

1.  Plaintiff, Richard Green has brought suit under the Age Discrimination in Employment Act, alleging he was discriminated against because of his age when Defendant, Zurich American Insurance Company fired him effective December 7, 2001.

The ADEA provides in pertinent part:

> "It shall be unlawful for an employer . . .to . . .discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age.

This law protects people who are 40 years of age or older from employment decisions in which their age plays a role and has a determinate effect.

Approved_____   Denied_____   Approved as Modified_____

Authority:

29 U.S.C. §623(a)(1); 29 U.S.C. §631(a); Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 1706 (1993); O'Connor v. Consolidated Coin Caterers Corp., 116S.Ct. 1307, 1310 (1996); Miller v. CIGNA Corp., 47 F.3d 586, 588 (3d Cir. 1995) (*en banc*); Ryder v.

Westinghouse Elec. Corp., 128 F.3d 128, 136-37 (3d Cir. 1997), *cert denied*, 502 U.S. 522, 1116, 118 S.Ct. 1052 (1998).

  2. Discrimination within the protected age group also is prohibited.  That is, it is unlawful to discriminate against a person who is older than 40 by discharging him, even though the person who replaced him, while younger than the Plaintiff, may also be over 40.  If an individual is over 40, the employer cannot discriminate against him because of his age.

  Approved_____ Denied_____ Approved as Modified_____

Authority:

O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312, 116 S.Ct. 1307, 1310 (1996); 29 C.F.R. §1625(a) (if two people apply for same position, and one is 42 and the other is 52, the employer may not lawfully turn down either one on the basis of age); Showalter v. University of Pittsburgh Medical Center, 190 F.3d 231, 235 (3d Cir. 1999); Maxwell v. Sinclair International, 766 F.2d 788, 792 (3d Cir. 1985).

  3. The law's protection against age discrimination is not limited to perfectly qualified employees.  The law does not merely protect the older worker who is perfect from the standpoint of his employer.  It protects the imperfect older worker from being treated worse than the imperfect younger one.

  Approved_____ Denied_____ Approved as Modified_____

Authority:

Miller v. CIGNA Corp., 47 F.3d 586, 588 (3d Cir. 1995) (*en banc*); Shapiro v. Upjohn Co., 913 F.2d 398, 403 (7th Cir. 1990); Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 1228 (3d Cir. 1994), *remanded for reconsideration on other grounds*, 115 S.Ct. 1397 (1995), *reaffirmed and reinstated in relevant part*, 65 F.3d 1072 (3d Cir. 1995).

4. To prevail on his claim for age discrimination, Mr. Green must prove, by a preponderance of evidence, that age played a role in Defendant's decision-making process and had a determinative effect on the outcome of that process. Mr. Green need not prove that his age was the sole cause of the Defendant's decision. Even if you find that other factors played a role in the employer's decision to discharge Mr. Green, you should find for the plaintiff if you find that his age played a role in that decision and had a determinative effect on the outcome.

Approved_____    Denied_____    Approved as Modified_____

Authority:

Miller v. CIGNA Corp., 47 F.3d 586, 598-99 (3d Cir. 1995) (*en banc*); Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 137 (3d Cir. 1997).

5. Plaintiff may meet his burden in either of two ways. First, he can show directly, by a preponderance of the evidence, that his age played a role and had a determinative effect on the employment decision. That is, if you find that Mr. Green's age was a determinative factor in the decision to discharge him then you should find for the Plaintiff, unless the employer proves by a preponderance of the evidence that it would have reached the same decision not to hire Plaitniff even in the absence of his age.

Approved_____    Denied_____    Approved as Modified_____

Authority:

Miller v. CIGNA Corp., 47 F.3d 586, 597 (3d Cir. 1995) (*en banc*); Hook v. Ernst & Young, 28 F.3d 366, 374-75 (3d Cir. 1994).

6. However, if Mr. Green cannot show directly that age played a role in the

employer's decisionmaking process, and had a determinative effect, then Plaintiff can meet his burden through indirect evidence that:

1. He is a member of the protected class; that is, he is over 40. The parties do not dispute that Mr. Green is over 40.

2. That he was qualified for the position from which he was fired. That is, he possessed the basic skills to do the job.

3. That he was fired from the position he occupied.

4. That he was replaced by a person sufficiently younger to raise an inference of discrimination, or that Defendant retained employees sufficient younger to raise an inference of discrimination, or any other evidence from which you can infer Plaintiff's age was a determinative factor.

Once these facts have been established, it is Plaintiff's burden to persuade you, by a preponderance of the evidence that he was fired because of his age.

You may infer that Plaintiff has met this burden if you find that the four facts set forth above have been established, and if you further disbelieve the Defendant's explanation for why it fired Plaintiff. That is, you may find for Plaintiff, if you find that the employer's articulated reason for firing him was a pretext or a coverup for illegal discrimination.

Approved_____    Denied_____    Approved as Modified_____

Authority:

O'Connor v. Consolidated Coin Caterers Corp., 116S.Ct. 1307, 1310 (1996); Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 136 (3d Cir. 1997); Smith v. Borough of Wilkinsburg, 147 F.3d 272, 280 (3d Cir. 1998); Pivirotto v. Innovative Systems, Inc., 191 F.3d 345, 352-355 (3d Cir. 1999); Roach v. American Radio Systems, Inc., 80 F.Supp.2d 530, 531-32 (W.D. Pa. 1999); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330 (3d Cir. 1995).

7. Plaintiff can meet his burden by means of indirect proof without presenting any direct evidence specifically relating to age.

Approved_____    Denied_____    Approved as Modified_____

Authority:

Bruno v. W.B. Saunvers Co., 882 F.2d 760, 766 (3d Cir. 1989); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1066-67 (3d Cir. 1996) (en banc), cert denied, 117 S.Ct. 2532 (1997); Marzano v. Computer Science Corp., Inc., 91 F.3d 497, 507 (3d Cir. 1996); Lockhart v. Westinghouse Credit Co., 879 F.2d 43, 49 (3d Cir. 1989).

8.      In determining whether the reasons offered by Defendant for discharging the Plaintiff are pretexts for illegal discrimination, you may consider whether the employer changed the reasons it articulated after discharging Mr. Green.  Thus, if you find inconsistence in the reasons offered by Defendant at the time it discharged Plaintiff and those offered after, you may, from that fact alone, infer that the reasons offer are pretext for discrimination.

    Approved_____   Denied_____   Approved as Modified_____

Authority:

Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 152, 120 S.Ct. 2097, 2111(2000); Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994); Smith v. Borough of Wilkinsburg, 147 F.3d 272, 280 (3d Cir. 1998); Farrell v. Planters Lifesavers Co., 206 F.3d 271, 277 (3d Cir. 2000).

9.      In determining whether Defendant fired Mr. Green because of his age, you may consider evidence of discrimination against other older employees.

    Approved_____   Denied_____   Approved as Modified_____

Authority:

Hurley v. Atlantic City Police Dept., 174 F.3d 95, 110 (3d Cir. 1999); Glass v. Philadelphia Elec. Corp., 34 F.3d 188, 194 (3d Cir. 1994); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1082 (3d Cir. 1996); Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994); West v. Philadelphia Elec. Corp., 45 F.3d 744, 756-57 (3d Cir. 1995);

10.     In determining whether Defendant's reason for discharging Plaintiff is a pretext for age discrimination, you may examine the reasons provided against a backdrop of Defendant's corporate culture.  Thus, among other things, you may consider evidence of prior acts of alleged discrimination; evidence of the atmosphere at Defendant's workplace; evidence of statements concerning age made by Defendants' management personnel, and evidence that other employees were victims of age discrimination in determining whether the reasons Defendants provided for discharging Mr. Green are pretexts for age discrimination.

    Approved_____   Denied_____   Approved as Modified_____

Authority:

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25 (1973); Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 132-33 (3d Cir. 1997); Walden v. Georgia Pacific Corp., 126 F. 3d 506, 521-522 (3d Cir. 1997); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 333-34 (3d. Cir. 1995); Abrams v. Lightolier, Inc., 50 F.3d 1204, 1214 (3d Cir. 1995); Ambruster v. Unisys Corp., 32 F.3d 768, 783 (3d Cir. 1994); West v. Philadelphia Elec. Corp., 45 F.3d 744, 757 (3d Cir. 1995); Glass v. Philadelphia Elec. Corp., 34 F.3d 188, 194-95 (3d Cir. 1994);  Lockhart v. Westinghouse Credit Co., 879 F.2d 43, 54 (3d Cir. 1989); Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 641 (3d Cir. 1993).

11.     In determining whether Defendant's reasons for discharging Plaintiff are pretext for age discrimination, you may consider statements that you find are "code words" for age animus.  That is, you are entitled to consider statements made by Defendants management that while age neutral content, are motivated by dislike of older employees.  Words that are intended to convey the message that older employees are disfavored need not also be age offensive on their face.

    Approved_____   Denied_____   Approved as Modified_____

Authority:

Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1082-83 (3d Cir. 1996); Durham Life Ins. Co. v. Evans, 166 F.3d 139, 148-49 (3d Cir. 1999); Andrews v. City of Philadelphia, 895 F.2d 1469, 1485 (3d Cir. 1990).

12.     While you have heard evidence of events, and conduct that Defendant discovered after Defendant dismissed Mr. Green, I remind you that sole question to be answered on the issue of whether Defendant discriminated against Plaintiff is whether Defendant discriminated against Plaintiff at the precise moment when it decided to fire him. A reason that Defendant did not know at the time it fired Mr. Green cannot have been a determinative factor in Defendant's decision.

Approved_____   Denied_____   Approved as Modified_____

Authority:

Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 1228 (3d Cir. 1994), *remanded for reconsideration on other grounds,* 115 S.Ct. 1397 (1995), *reaffirmed and reinstated in relevant part*, 65 F.3d 1072 (3d Cir. 1995).

**Willfulness**

13.     If you determine that Defendant discriminated against Plaintiff, then you must decide whether Defendant's conduct was willful. If you determine that the Defendants' conduct was willful, then I will award Plaintiff money damages in addition to actual damages that you have awarded.

A violation of the Age Discrimination in Employment Act is willful if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Age Discrimination in Employment Act.

You may consider statement made, acts done or omitted, and all facts or circumstances that show whether the defendant acted intentionally and not by accident.

Approved_____   Denied_____   Approved as Modified_____

<u>Authority</u>:

29 U.S.C. §626(b); <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 614, 113 S.Ct. 1701, 1710 (1993); <u>Starceski v. Westinghouse Electronic Corp.</u>, 54 F. 3d 1089 (3d Cir. 1995).

**Damages**

14.   In the event you determine that Plaintiff's age played a role in the Defendant's decision to fire him, and that it had a determinative effect on the outcome of that decision, then you must determine the amount of damages sustained by Plaintiff.

Generally speaking, a person who is a victim of illegal age discrimination is entitled to be restored to the position he would have had but for the discrimination, with all lost monies and benefits.

In this case, the appropriate measures of damages is the amount of lost salary and benefits from December 7, 2001 until today, increased by the value of pension benefits and other fringe benefits that Plaintiff would have accrued but for the discriminatory discharge, and decreased by any earnings and fringe benefits received by Plaintiff from another employer since the date Defendant fired him.

Fringe benefits include, but are not limited to the following items:

Any pension contribution made by the employer

Any insurance payments made by the employer

Any vacation pay, sick leave bonus or stock options.

Approved_____   Denied_____   Approved as Modified_____

<u>Authority</u>:

Maxfield v. Sinclair International Corp., 766 F.2d 788 (3d Cir. 1985) cert denied 106 S.Ct. 796 (1986); Starceski v. Westinghouse Electronic Corp., 54 F. 3d 1089, 1100 (3d Cir. 1995); Loeffler v. Frank, 486 U.S. 549, 558 (1988); Booker v. Taylor Milk Co., 64 F.3d 860 (3d Cir. 1995).

15.     Plaintiff is not required to prove with unrealistic precision the amount of lost earnings due to him.  Any ambiguities in determining what Mr. Green would have earned should be resolved against Defendant.

         Approved_____     Denied_____     Approved as Modified_____

Authority:

Green v. USX Corp., 843 F.2d 1511, 1532 (3d Cir. 1988);  Starceski v. Westinghouse Electronic Corp., 54 F. 3d 1089, 1100 (3d Cir. 1995); Goss v. Exxon Office Systems Co., 747 F.2d 885, 889 (3d. Cir. 1984); Bartek v. Urban Redevelopment Authority of Pittsburgh, 882 F.2d 739, 746 (3d Cir. 1989); Protos v. Volkswagen of American, 797 F.2d 129 (3d Cir. 1986).

16.     In addition, you may consider whether you should award Plaintiff any salary and benefits he would have received in the future.  This is often called "front pay."  Whether or not Plaintiff should be given an award of future pay and benefits is within your sound discretion an din making this decision you should consider all the facts and circumstances in this case.

In deciding whether Plaintiff is entitled to an award of future pay and benefits you may consider, among other factors, the availability of employment, the period within which the plaintiff by reasonable efforts may be employed, plaintiff's working life expectancy and plaintiff duty to mitigate.  Mitigate is a word you have not heard before, and I will be explaining it to you in just a minute, this duty to mitigate.

         Approved_____     Denied_____     Approved as Modified_____

Authority:

Maxfield v. Sinclair International Corp., 766 F.2d 788, 796 (3d Cir. 1985).

17. In considering the amount of future damages/front pay to award, you are to consider the entire employment benefit package. This includes lost future wages, lost pension benefits, and all other fringe benefits.

Approved_____     Denied_____     Approved as Modified_____

Authority:

Blum v. Witco Chemical Corp., 829 F.2d 367, 373-74 (3d Cir. 1987).

18. I shall now explain to you what I meant by the term mitigate or mitigation.

As a general rule of law, a victim of unlawful discrimination is entitled to be placed in the same position he or she would have occupied absent that discrimination.

However, she must make reasonable efforts to minimize or reduce his damages for loss of compensation by seeking other employment. This is called mitigation of damages. You must reduce the amount of back or front pay you award by (1) what Mr. Green earned or (2) what Mr. Green could have earned by reasonable effort during the period from Defendant's discharge of him until today.

Mr. Green has no obligation to accept or retain employment that is not substantially equivalent to the employment he had with Defendant. An Age Discrimination plaintiff therefore must also use reasonable diligence to obtain substantially equivalent employment.

The reasonableness of Mr. Green's diligence to mitigate damages should be evaluated in light of the individual characteristics of the Plaintiff and of the job market.

Approved_____     Denied_____     Approved as Modified_____

Authority:

Ford Motor Company v. EEOC, 458 U.S. 219, 231-232, &n. 14, 102 S.Ct. 3057, 3065-66 & n. 14 (1982); Booker v. Taylore Milk Co., 65 F.3d 861, 865 (3d Cir. 1995).

19.  It is Defendant's burden to prove Plaintiff failed to use reasonable effort to find substitute employment, and that burden is by a preponderance of the evidence.  To meet its burden, an employer must demonstrate that (1) substantially equivalent work was available and (2) the ADEA claimant did not exercise reasonable diligence to obtain the employment.

Substantially equivalent employment means employment that affords virtually identical promotion opportunity, compensation, job responsibilities, working conditions and status as the position Plaintiff desired to obtain from Defendant employer.

Approved_____   Denied_____   Approved as Modified_____

Authority:

Ford Motor Company v. EEOC, 458 U.S. 219, 231-232, &n. 14, 102 S.Ct. 3057, 3065-66 & n. 14 (1982); Booker v. Taylore Milk Co., 65 F.3d 861, 865 (3d Cir. 1995).

20.  Plaintiff also has alleged that, as a result of Defendant's intentional discrimination, he has suffered emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

Plaintiff has the burden of proving any damages for these types of injuries by a preponderance of the evidence.  If you determine that Plaintiff has proven by a preponderance of the evidence that he has experienced emotional pain, humiliation, inconvenience, mental anguish, or loss of enjoyment of life, you may award him damages for those injuries.  No evidence of the monetary value of such intangible things as humiliation, inconvenience or pain and suffering has been, or needs to be, introduced into evidence.  No exact standard exists for

fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation - no more and no less.

When considering the amount of damages to which the Plaintiff may be entitled , you should consider the nature, character, and seriousness of any pain, suffering, inconvenience, mental anguish, humiliation or loss of enjoyment of life he felt. You must also consider its extent or duration, as any award you make must cover the damages endured by the Plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the Plaintiff's humiliation or emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

    Approved_____    Denied_____    Approved as Modified_____

<u>Authority</u>:

<u>Bolden v. SEPTA</u>, 21 F.3d 29, 33-35 (3d Cir. 1994).

                                                  Respectfully submitted,
                                                  LOVITZ & GOLD, P.C.

                                            BY:_____
                                                SIDNEY L. GOLD, ESQUIRE
                                                I.D. NO.: 21374
                                                Eleven Penn Center - Suite 515
                                                1835 Market Street
                                                Philadelphia, PA 19103
                                                (215) 569-1999
                                                Attorneys for Plaintiff